W. L. GASKINS v. H. S. HANCOCK.

(Filed 27 September, 1911.)

1. **Public Highways — Bridges — Vehicles—Automobiles—Negligent Operation—Questions for Jury.**
    In an action for damages for injury alleged to have been sustained because of the defendant's negligence in running his automobile over a bridge, without observing proper caution for plaintiff's safety, overtaking plaintiff thereon and frightening his mules so that they became uncontrollable, throwing plaintiff

to the floor of the bridge under their feet, and running his conveyance over him, there was conflicting evidence as to the speed of the automobile and the ability of defendant to slow up in time to avoid the injury: *Held*, in this case, the charge of the court was correct under Laws 1909, ch. 445, secs. 9, 10, 11, and 12, regulating the operation of moving vehicles in use on the highways; (2) the case was almost entirely one of fact, and properly submitted to the jury.

2. **Public Highways—Bridges—Automobiles—Negligent Operation—Damages—Implied Notice.**

One driving an automobile along public highways and over bridges is liable for such compensatory damages as are proximately caused by his negligence in not exercising proper care in looking out for horses, etc., thereon; and he is required to take notice that such machines are liable to scare them.

3. **Public Highways—Conveyances—Automobiles—Nuisance.**

It is not negligence *per se* for a person to use an automobile in traveling along public highways and across public bridges.

Appeal by defendant from *Ferguson, J.*, at May Term, 1911, of Craven.

The facts are sufficiently stated in the opinion of the Court by *Mr. Chief Justice Clark.*

*E. M. Green and Guion & Guion for plaintiff.*
*W. D. McIver for defendant.*

Clark, C. J. According to plaintiff's evidence he was driving a pair of mules across Neuse River bridge, a structure about 1 mile in length and 18 feet wide, perfectly straight. A few yards ahead when plaintiff first drove upon the bridge, the defendant was crossing the bridge in an automobile, and when plaintiff had crossed probably one-half the bridge, going at the rate of about 3 miles an hour, he saw defendant returning and coming towards him at a rate of speed of about 10 miles an hour; his mules showed signs of fright, whereupon the negro riding with him on the back of the cart, at the direction of plaintiff, signaled and called to the defendant, when at a distance of about 40 yards, requesting him to stop his machine; he came on, and the mules becoming uncontrollable, plaintiff, an old man, was thrown to the floor of the bridge under the mules' feet, and the two wheels of the double horse wagon, with

the negro upon the rear, passed over and across the small of plaintiff's back, from which injury he sustained great suffering and for several months was disabled to labor.

There was conflicting evidence as to the distance at which the plaintiff signaled the defendant and also the speed at which the automobile was traveling. The defendant's evidence put the speed at less than 5 miles an hour, while the plaintiff's witnesses placed it at more than that. The defendant's testimony was that he could not have stopped his machine sooner without injury to occupants.

The judge read to the jury the statute regulating the operation of moving vehicles in the use of highways, Laws 1909, ch. 445, secs. 9, 10, 11, and 12, and gave a careful charge in accordance therewith, applying the law to the various phases of the facts as they might be found by the jury, in which charge we find no error.

The exception as to the form of the issues cannot be sustained, as upon them every phase of the controversy could be, and was, fairly submitted to the jury. *Humphrey v. Church,* 109 N. C., 137, and cases there cited. The exceptions of the defendant are largely addressed to the refusal of the court to grant a nonsuit and refusal to instruct the jury to answer each of the issues, *seriatim,* in favor of the defendant. In refusing to do so there was no error.

The case is almost entirely one of fact, and was properly submitted to the jury, who evidently gave a moderate verdict. The judge cautioned them very properly that they were to give only compensatory damages and nothing by way of punishment. He also instructed them that an automobile is not a nuisance in itself and that it was not negligence *per se* for a person to use one in traveling along public highways and across public bridges, and that the owner is liable for damages only when caused by his negligence; that he is required to take notice that such machines are liable to scare horses along the highway, and he should keep a proper lookout, not to cause any injury to others which could be avoided by proper care in the use of his machine.

No error.